United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZIEL WEIDMAN, ) | C 05-2619 MMC (PR) |
| Plaintiffs, ) | **ORDER DENYING RECONSIDERATION** |
| vs. ) | |
| MICHAEL L. FRIEDMAN, et al., ) | (Docket No. 6) |
| Defendant(s). ) | |

Plaintiff Laziel Weidman, currently incarcerated at the Correctional Training Facility, Soledad and proceeding pro se, filed the above-titled action pursuant to 42 U.S.C. § 1983, seeking appointment as representative of a certified class of similarly situated inmates. Because pro se prisoners may not act as class representatives, see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."), this action was dismissed without prejudice to plaintiff's filing a new action solely on his own behalf. Additionally, plaintiff's application to proceed in forma pauperis was denied.

Plaintiff has filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). In particular, a motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented

1  with newly discovered evidence, committed clear error, or if there is an intervening change
2  in the law."' <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted)
3  (en banc).  Plaintiff has presented no newly discovered evidence or any intervening change
4  in the law.  Nor has the Court committed "clear error."  Although, as plaintiff correctly notes
5  in his motion, the dismissal order erroneously described the specific nature of plaintiff's
6  claims, the reasoning of the Court's ruling remains unchanged.  Specifically, plaintiff's pro
7  se status precludes him from bringing a class action.  If plaintiff wishes to proceed with his
8  claims solely on his own behalf, he may do so by filing a new action in which he does not
9  seek to proceed under Rule 23 of the Federal Rules of Civil Procedure.
10          This order terminates Docket No. 6.
11          SO ORDERED.
12 DATED:    January 19, 2005
13                                          _____
                                            MAXINE M. CHESNEY
                                            United States District Judge